UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARRIE ANN DRAKE,

               Plaintiff,

v.                                  Case No. 14-12662

COMMISSIONER OF SOCIAL        HON. TERRENCE G. BERG
SECURITY,                             HON. PATRICIA T. MORRIS

               Defendant.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S
## MOTION FOR ATTORNEY'S FEES (DKT. 17)

This matter is before the Court on Plaintiff's motion for attorney's fees, under 42 U.S.C. 406(b). (Dkt. 17). By way of brief procedural background, on January 12, 2015, the parties stipulated to an order remanding this case to the agency for further proceedings. (Dkt. 14.) On February 24, 2015, the parties stipulated to an order granting Plaintiff's motion for attorney fees pursuant to 28 U.S.C. § 2412(d)(1) of the Equal Access to Justice Act (EAJA). (Dkt. 16). Plaintiff requested and was granted an award of $6,831.00 in attorney fees, calculated at a rate of $189.75 an hour for 36 hours of work in 2014 and 2015. (Dkt. 15, p. 1; Dkt. 16). Plaintiff assigned her award to her attorney. (Dkt. 15, Ex. A, ¶ 3.)

Upon remand, the agency awarded Plaintiff benefits. (Dkt. 17, Ex. 2.) The agency's December 15, 2015 notice awarding benefits indicated that $9,686.75 had been withheld, representing 25% of the past-due benefits for Plaintiff. (*Id.* at 3.) This amount was being set aside pending this Court's determination of an

appropriate attorney fee award and any amount not awarded to Plaintiff's Counsel will go to Plaintiff. (*Id.* at 4.)

On December 22, 2015, Plaintiff's Counsel filed a motion for authorization of attorney fees, as permitted by Section 206(b) of the Social Security Act (SSA), 42 U.S.C. § 406(b), pursuant to a written contingent-fee agreement with his client. (Dkt. 17.) Under the contingent-fee agreement, Plaintiff agreed to pay her attorney "an amount equal to twenty-five (25%) of the past-due benefits that are awarded…" (Dkt. 17, Ex. 1.) Plaintiff's Counsel may receive fee awards under both the EAJA and 42 U.S.C. § 406(b) of the SSA, but the EAJA Savings Provision requires an attorney receiving two fee awards to refund the smaller award to his or her client. 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99–80, § 3, 99 Stat. 183, 186.

In this case, the parties dispute how to effectuate that refund obligation. Rather than accept the full 25% of Plaintiff's past-due benefits that the agency is currently withholding for attorney fees and refund the lesser EAJA award to his client, Plaintiff's Counsel is requesting that the Court deduct the smaller EAJA fee award he has already received from the greater amount of past-due benefits the agency is withholding. (Dkt. 17, pp. 1-2.) In short, Plaintiff's Counsel requests a fee of $2,855.75 – the difference between the $9,686.75 in Plaintiff's past-due benefits currently being withheld for attorney's fees and the $6,831.00 already received under the EAJA. (*Id.*) When added to the EAJA fee, Plaintiff's Counsel's Section 406(b) fee request represents a net fee of $9,686.75 or 25% of Plaintiff's past-due benefits. This offset procedure would result in fewer financial transactions between

attorney and client because the attorney would not have to refund any fee award to his client – he would simply collect the requested portion of Plaintiff's past-due benefits.

The Commissioner responded on January 5, 2016. (Dkt. 18.) Although the Commissioner does not object to the net fee Plaintiff's Counsel would receive were the Court to grant this motion, the Commissioner does object to the payment procedure proposed by Plaintiff's Counsel. (*Id.* at 1.) The Commissioner argues that this offset procedure is not proper pursuant to the plain language of the EAJA's Savings Provision. (*Id.* at 4.) The Commissioner maintains that Plaintiff's Counsel should refund the smaller EAJA award and accept the full amount currently being withheld from Plaintiff's past-due benefits to pay any request for attorney fees. (*Id.*) Plaintiff's Counsel did not reply to the Commissioner's response, and has therefore not addressed this argument.

This motion is fully briefed. Although Plaintiff's Counsel does not address the question, the Court must consider the interaction of two fee-recovery statutes, 28 U.S.C. § 2412(d)(1) of the EAJA and 42 U.S.C. § 406(b) of the SSA, to decide this motion. Because this Court will find that Plaintiff's Counsel is required to refund the lesser EAJA award to his client, Plaintiff's Counsel's motion will be GRANTED IN PART. Pursuant to 42 U.S.C. § 406(b), Plaintiff's Counsel will be awarded $9,686.75 or 25% of Plaintiff's past-due benefits and will be directed to refund the EAJA award to Plaintiff pursuant to the EAJA Savings Provision.

I.  ANALYSIS

Several different statutes provide compensation for attorney time spent in federal court pursuing an appeal of an adverse Social Security decision. Two are at issue here. First, under 42 U.S.C. § 406(b) of the SSA, a Court entering judgment in favor of a Social Security benefits claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Assuming that the requested fee is within the 25-percent limit, the Court must then determine whether "the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The claimant pays the Section 406(b) fee out of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A).

In addition to Section 406(b), a party that prevails against the United States in court may be awarded fees under the EAJA if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1). EAJA fees are awarded to the prevailing party directly in addition to and separate from any fees awarded under 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 796. Unlike Section 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds as a penalty to the Commissioner. *See* 28 U.S.C. § 2412(d)(1). Here, Plaintiff has assigned her EAJA award to her lawyer in partial satisfaction of their contingency fee agreement. (Dkt. 15, Ex. A, ¶ 3.)

4

The EAJA also includes a Savings Provision, which states in relevant part as follows:

> Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1)) shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b)(2) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99–80, § 3, 99 Stat. 183, 186.

Congress harmonized the EAJA and Section 406(b) "in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.' " *Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412 note); *see also King v. Comm'r of Soc. Sec.*, 230 F. App'x 476, 481 n. 5 (6th Cir. 2007) ("…the attorney must give the smaller of the two awards to the client.") Moreover, the Savings Provision references Section 206(b)(2), which makes it a misdemeanor for an attorney to collect fees greater than the amount authorized by the court, but clarifies that "no criminal penalties attach when the claimant's attorney receives fees under both the EAJA and § 406(b) but refunds the smaller of the fees to the claimant." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010). The EAJA Savings Provision thus prevents an attorney from obtaining a "double recovery" under the EAJA and Section 406(b) for the same work.

**A. The Court will not Adopt and Apply the Offset Procedure**

Rather than have this Court grant Plaintiff's Counsel the full Section 406(b) award of $9,686.75, and then order Plaintiff's Counsel to refund the smaller EAJA award of $6,831.00 back to Plaintiff, Plaintiff's Counsel seeks to meet his refund obligation more efficiently by requesting to reduce his Section 406(b) fee by the smaller amount of the EAJA fee he already received. In other words, Plaintiff's Counsel is proposing to use an offset procedure.

Plaintiff's Counsel cites no authority in support of using this offset procedure and the Commissioner opposes its application here. However, the Eleventh Circuit approved this offset procedure in *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010). In *Jackson*, the Court reasoned that the EAJA Savings Provision does not mandate a specific procedure for refunding the attorney's fee or require that the Court effectuate the refund. *See Jackson*, 601 F.3d at 1272. Accordingly, the attorney is responsible for effectuating the refund and may do so by (1) reducing her Section 406(b) fee request by the amount of the EAJA award, or (2) refunding the smaller EAJA award to Plaintiff and accepting the larger Section 406(b) award in full. *See Paltan v. Commissioner of Social Sec.,* 518 Fed. App'x. 673, 674–75 (11th Cir. 2013) (attorney required to either refund EAJA award to client directly or reduce Section 406(b) fee by amount of EAJA award); *see also Jackson*, 601 F.3d at 1273-74 ("Regardless of whether the attorney writes a refund check to h[er] client or deducts the amount of the EAJA award from h[er] § 406(b) fee request, the purpose of the Savings Provision is fulfilled-the attorney does not get a double recovery.").

6

Relying on *Jackson*, District Courts in other Circuits such as the Seventh and the Ninth have also recognized or applied this offset procedure when calculating § 406(b) fees.[1]

The Sixth Circuit has yet to consider this question.[2] In *Grisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002), the Supreme Court explained that the Savings Provision requires an attorney receiving a fee award under both the EAJA and § 406(b) to refund the smaller award to the claimant. *See also* 28 U.S.C. § 2412 note ("Section 206(b)(2) of the Social Security Act shall not apply ... if, where the claimant's attorney receives fees for the same work under both [§ 406(b) and the

---

[1] *See, e.g., Kolp v. Colvin*, No. 12-C-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015) (deducting EAJA award from § 406(b) fees); *Wojtecki v. Comm'r of Soc. Sec.*, No. CIV. 09-584-ST, 2011 WL 1694462, at *5 (D. Or. Apr. 6, 2011) *report and recommendation adopted*, No. CV 09-584-ST, 2011 WL 1671549 (D. Or. May 3, 2011) (subtracting the EAJA fee); *Boissiere v. Astrue*, No. C-09-02081 JCS, 2011 WL 1045170, at *4 (N.D. Cal. Mar. 22, 2011) (recognizes offset procedure); *Clester v. Comm'r of Soc. Sec.*, No. CIV. 09-765-ST, 2011 WL 344036, at *5 (D. Or. Jan. 7, 2011) *report and recommendation adopted*, No. CIV. 09-765-ST, 2011 WL 338830 (D. Or. Jan. 31, 2011) (subtracting EAJA fees); *Pennington v. Comm'r of Soc. Sec.*, No. CV 07-1816-ST, 2010 WL 3491522, at *5 (D. Or. July 29, 2010) *report and recommendation adopted*, No. 07-1816-ST, 2010 WL 3491521 (D. Or. Aug. 31, 2010) ("If counsel has received the EAJA fee previously allowed of $4,850.09, then he is obligated to subtract that amount from this § 406(b) fee award.").

[2] Several District Courts in the Sixth Circuit, however, have employed this offset procedure when calculating § 406(b) fees. *See, e.g.*, *Willis v. Comm'r of Soc. Sec.*, No. 1:10-CV-594, 2014 WL 2589259, at *7 (S.D. Ohio June 10, 2014) (deducting EAJA award from Section 406(b) fee); *Allan v. Comm'r of Soc. Sec.*, No. 10-11651, 2014 WL 1818110, at *1 (E.D. Mich. May 7, 2014) (reducing Section 406(b) fees by amount of previous EAJA award); *Nolan v. Comm'r of Soc. Sec.*, No. 4:11-CV-5, 2013 WL 5937908, at *2 (E.D. Tenn. Nov. 5, 2013) (crediting EAJA award to Plaintiff); *Young v. Astrue*, No. CIV.A. 06-11821, 2012 WL 3816519, at *3 (E.D. Mich. June 27, 2012) (lawyer "should be awarded fees under § 406(b) in the amount of $25,000.00, offset by the $4,000.00 awarded in EAJA fees, for a net amount of $21,000.00"); *Edwards v. Comm'r of Soc. Sec.*, No. 1:08-CV-815, 2011 WL 1002186, at *1 (S.D. Ohio Mar. 16, 2011) ("To effectuate the refund, a court may award the difference between the award made under § 406(b) and the earlier EAJA award"); *Hamilton v. Comm'r of Soc. Sec.*, No. CIV.A. 09-11553, 2011 WL 10620498, at *6 (E.D. Mich. Aug. 15, 2011) (Section 406(b) fee to be offset by the net amount of EAJA fees payable to Plaintiff); *Wilhelm v. Comm'r of Soc. Sec.*, No. 1:07-CV-178, 2011 WL 4369499, at *2 (E.D. Tenn. Sept. 2, 2011) (crediting two previous EAJA awards to Plaintiff); *Schaffner v. Comm'r of Soc. Sec.,* No. 107CV00567, 2010 WL 3894580, at *3 (S.D. Ohio Sept. 7, 2010) report and recommendation adopted, No. 107CV567, 2010 WL 3894579 (S.D. Ohio Sept. 30, 2010) (subtracting EAJA fee).

7

EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee."). In light of this Supreme Court precedent and the Commissioner's objection, and without guidance from the Sixth Circuit authorizing this procedure, this Court will not apply the offset procedure here. Because the EAJA award is less than the full § 406(b) award to which Plaintiff's Counsel is entitled, Plaintiff's Counsel will be directed to refund the smaller EAJA amount pursuant to 28 U.S.C. § 406(b).

## B. The Amount of Fees is Reasonable

The Commissioner does not raise an objection to the net amount of fees sought by Plaintiff's Counsel. It is therefore appropriate to consider the reasonableness of the fees requested. When determining Section 406(b) fees, the Supreme Court rejected the lodestar method as the measure of reasonableness in favor of the contingent fee agreement. *Gisbrecht,* 535 U.S. at 797-98, 806 (2002). The Court held that Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, Section 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Courts must thus review contingent-fee agreements for reasonableness, and "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. A court should not approve a contingency fee if it results in a windfall to the attorney. *Id.* at 808.

The Court is aware that, with each social security case, attorneys bear the risk of not receiving any fee. The Court is also aware, however, that every dollar awarded to counsel is one dollar less received by a deserving disability applicant, many of whom—like Plaintiff—waited years before obtaining benefits. The $9,686.75 currently withheld from Plaintiff's past due-benefits represents the 25% of that award that Plaintiff agreed to pay her lawyer if her claim was successful. (*See* Dkt. 17, Ex. 2, p. 4.) The Commissioner does not object to this fee.

Due deference should be given to the expression of the intentions of client and attorney in setting fees. *See Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). A 25% fee agreement between attorney and client should not be viewed as reasonable per se, but such a fee should be accorded a rebuttable presumption of reasonableness. *Id*. If deductions are to be made in the fee, they should generally be one of two types: (1) deductions occasioned by counsel's improper conduct or ineffectiveness; or (2) deductions to prevent a windfall resulting from either an inordinately large award, or minimal effort expended. *Id*.

In this case, there is no suggestion that Plaintiff's Counsel behaved improperly or was somehow ineffective. Furthermore, Plaintiff's Counsel expended more than "minimal effort" in this matter and there is no suggestion a $9,686.75 fee represents an impermissible windfall to Plaintiff's Counsel. Finally, Plaintiff's Counsel indicated in his motion for fees under the EAJA that 36 hours of work were performed in this case. (Dkt. 15, Ex. B, ¶ 4.) Plaintiff's Counsel does not update this total hours of work in his § 406(b) motion. Thus, a total net fee of $9,686.75, divided

by the number of hours worked, yields an effective hourly rate of $269.08. This is only slightly above Plaintiff's Counsel's standard non-contingent hourly rate of $240.00. (Dkt 15, Ex. B, ¶ 6.)

Balancing these considerations, and in light of the factors discussed above, the Court finds that the full § 406(b) fee of $9,686.75 is a fair and reasonable fee in this case.

## II.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for an award of attorney fees is **GRANTED IN PART**. Pursuant to 28 U.S.C. § 406(b), the Commissioner of Social Security is **HEREBY ORDERED** to pay Plaintiff's Counsel $9,686.75, or the full amount withheld from Plaintiff's past-due benefits for the payment of attorney fees. Plaintiff's Counsel is directed pursuant to 28 U.S.C. § 406(b) to refund the full amount of the previously-received EAJA award, or $6,381.00, to Plaintiff.

**SO ORDERED.**

                                        s/Terrence G. Berg
                                        TERRENCE G. BERG
                                        UNITED STATES DISTRICT JUDGE
Dated:  February 9, 2016

### Certificate of Service

I hereby certify that this Order was electronically submitted on February 9, 2016, using the CM/ECF system, which will send notification to each party.

                                        By: s/A. Chubb
                                            Case Manager